# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY JOHN ORRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1829 AGF |
| | ) | |
| JESSICA SPARKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Anthony Orre (registration no. 1120745), an inmate at Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $31.08. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $155.42, and an average monthly balance of $49.81. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $31.08, which is 20 percent of Plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31

(1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for monetary relief. Named as Defendants are Jessica Sparks, Prosecutor for Dent County; Arthur Allen, an attorney; and Joshua Hedgecorth, also an attorney.

In 2007, Plaintiff was charged with assault and felonious restraint. See State v. Orre, No. 07C7-CR00382 (42nd Judicial Circuit, State of Missouri). Plaintiff says he was represented by Defendants Allen and Hedgecorth in the proceedings. Defendant Sparks was the prosecutor. Plaintiff alleges that Defendants conspired with each other "to deprive the Plaintiff of his liberty." Plaintiff says Defendants agreed not to inform Plaintiff of charges against him that had been dismissed so that he would plead guilty to the remaining charges. Plaintiff pled guilty on August 28, 2008.

## Discussion

The complaint is conclusory and lacks sufficient facts to state a facially plausible claim for relief. Plaintiff does not specify what other charges had been pending against him and how his lack of knowledge regarding charges that were not pending against him induced him to plead guilty. Indeed, Plaintiff does not specifically claim that he lacked any knowledge about the charges that were pending against him or his right to proceed with a trial, although his lack of knowledge about the dismissal of some unspecified prior charges may be inferred from his complaint.

In any event, though, the complaint is legally frivolous as to Defendant Sparks because where a prosecutor is acting as advocate for the state in a criminal prosecution, the prosecutor is entitled to absolute immunity. Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996); see also Esquibel v. Williamson, 421 F. App'x 813, 816 (10th Cir. 2010) (affirming § 1915(e) dismissal of claim that prosecutor conspired with defense counsel to withhold exculpatory evidence).

Furthermore, to properly plead a claim for civil conspiracy under § 1983, a Plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand review under 28 U.S.C.

-4-

§ 1915(e). See Esquibel, 421 F. App'x at 816. Because Plaintiff has failed to include more than summary allegations of a conspiracy, his claims against Defendants fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $31.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of November, 2011.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE